Orlando **CERA–ZALDIVAR**, Petitioner—Appellant,

v.

**IMMIGRATION AND NATURAL- IZATION SERVICE, Respon- dent—Appellee.**

No. 01–15412.

D.C. No. CV–00–01035–DWH.

United States Court of Appeals, Ninth Circuit.

Submitted July 22, 2002.*

Decided Jan. 9, 2003.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

426

Before BROWNING, KOZINSKI, and BERZON, Circuit Judges.

MEMORANDUM[**]

Orlando Cera–Zaldivar, a native and citizen of Cuba who was paroled into the United States on June 4, 1980, and placed in removal proceedings on October 29, 1998, appeals the district court's order dismissing his 28 U.S.C. § 2241 habeas corpus petition challenging on constitutional and statutory grounds his indefinite detention by the Immigration and Naturalization Service. In *Zadvydas v. Davis*, 533 U.S. 678, 689, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001), the Supreme Court held that 8 U.S.C. § 1231(a)(6) does not permit indefinite detention of a removable alien. While the instant appeal was pending, this court held in *Xi v. INS*, 298 F.3d 832 (9th Cir. 2002), that section 1231(a)(6) bears the same meaning for an individual deemed inadmissible to the United States under 8 U.S.C. § 1182.

In supplemental briefs ordered by the court, the petitioner and the government agree that *Xi* applies to this case and that the case should, under *Xi*, be remanded for the district court's further consideration of the factual question of whether Cera–Zaldivar's removal to Cuba is reasonably foreseeable.

Applying *Xi*, we REVERSE the district court's order dismissing the petition and REMAND for such further consideration.

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.